**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| ROWENA HARRIS OLIVER | CIVIL ACTION NO. 04-1403 |
| VERSUS | JUDGE HICKS |
| STEVE PRATOR, ET AL | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment filed by the Defendant, Caddo Parish Sheriff Steve Prator. [Doc. No. 11]. Plaintiff Rowena Harris Oliver, individually and on behalf of the unopened succession of her son, Le'Tim D. Harris, filed the instant suit against Sheriff Prator asserting claims pursuant to 42 U.S.C. Sections 1983 & 1985 and Louisiana state tort law. Sheriff Prator's motion seeks to have all of Plaintiff's claims dismissed. For the reasons which follow, the motion is **GRANTED IN PART** and **DENIED IN PART.**

**FACTUAL BACKGROUND**

Oliver alleges that on June 11, 2003, a vehicle carrying her son as a guest passenger was stopped without probable cause by Caddo Parish Sheriff's deputies McLamb and Lewis. [Rec. Doc. 1-3, ¶4]. Oliver contends that the deputies subsequently chased Harris, who eventually stopped and sat beside a tree exhausted and tired from running. [Id., ¶ 5]. Oliver alleges that the deputies then handcuffed Harris and "for no apparent reason through (sic) cold water in his face" which she contends caused Harris to go into sudden cardiac arrest and die. [Id.] Oliver's suit seeks to recover damages against Sheriff Prator under Section 1983 and state tort law.

## LAW AND ANALYSIS

**I.	Summary Judgment Standard.**

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); see also, Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved

in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075); see also, S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When the nonmovant has the burden of proof at trial, he "must come forward with evidence which would be sufficient to enable it to survive a motion for directed verdict at trial." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996). If the nonmovant can not meet this burden, then "the motion for summary judgment must be granted." Id., Little, 37 F.3d at 1076.

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248, 106 S. Ct. at 2510.

## II. Plaintiff's Section 1983 Claim.

Section 1983 authorizes suits for damages against any person who acts under color of state law to deprive another person of his constitutional rights. In a suit against a government official in his individual capacity, the complainant must allege specific conduct giving rise to a constitutional violation. Stringer v. Alben, 89 Fed.Appx. 449, 452 (5th Cir. 2004)(*citing* Oliver v. Scott, 276 F.3d 736, 741 (5th Cir.2002)). A claim against a

government official in his official capacity is a claim against the county because a county or municipality may be liable under § 1983 if an official policy or custom caused the deprivation of a constitutional right. Stringer, 89 Fed.Appx. at 452 (*citing* Bennett v. Pippin, 74 F.3d 578, 584 (5th Cir.1996); Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

In the instant matter, Oliver does not allege that Sheriff Prator was personally involved in the traffic stop of her son. Accordingly, in order to hold Sheriff Prator liable for her claims, she must show an official policy or custom caused the deprivation of a constitutional right. Oliver is required to show that Sheriff Prator "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Cooper v. Thomas, 101 Fed.Appx. 983, 984 (5th Cir. 2004)(*quoting* Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir.1987)).

Oliver has failed to allege that any official policy or custom of the Sheriff caused the alleged deprivation of her son's rights. To the contrary she contends that the deputies were working "in the course and scope of their employment" and that Sheriff Prator is therefore liable under the theory of "respondent and superior (sic)." [Doc. No. 13.2 at p. 3]. However, the Sheriff cannot be held liable pursuant to Section 1983 on a *respondeat superior* theory. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611, 638 (1978). Accordingly, summary judgment is appropriate as a matter of fact and law, dismissing Plaintiff's claims pursuant to Section 1983 with prejudice.

### III. Plaintiff's Section 1985 Claim.

Section 1985(3) prohibits a conspiracy "for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal

privileges and immunities under the laws." 42 U.S.C. § 1985 . To prevail on a § 1985(3) claim, one must prove " '(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.' " Vakilian v. Shaw, 335 F.3d 509, 518 (6th Cir.2003) (*quoting* United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)). Moreover, the Supreme Court has stated that "[t]he language requiring intent to deprive of equal protection, or equal privileges and immunities, means there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Since Oliver has failed to allege or submit any evidence of a conspiracy based on discriminatory animus, the Court finds that summary judgment is appropriate as a matter of fact and law dismissing her Section 1983 claims with prejudice.

**IV.**     **Pendent State Law Claims.**

A district court may, and the general rule is that it should, decline to exercise supplemental jurisdiction over pendent state law claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir.), cert. denied, 516 U.S. 818, 116 S.Ct. 75 (1995)(district court did not abuse discretion by remanding remaining state claims). The Court finds that the appropriate disposition of any remaining state law claims is, therefore, to dismiss them without prejudice. Accordingly, the motion for summary judgment as to those claims is denied.

## V. Conclusion.

Plaintiff has failed to allege (much less submit competent summary judgment evidence to show) that an official policy or custom caused the alleged deprivation of her son's constitutional rights. Further, Plaintiff has failed to allege (much less submit competent summary judgment evidence to show) a conspiracy based on discriminatory animus. There are no genuine issues of fact, and summary judgment is appropriate dismissing Plaintiff's Section 1983 and 1985 claims.

Therefore:

**IT IS ORDERED** that the motion for summary judgment [Doc. No. 11] filed by the Defendant, Caddo Parish Sheriff Steve Prator, is hereby **GRANTED** to the extent that it seeks a dismissal of the claims brought by Plaintiff Rowena Harris Oliver, individually and on behalf of the unopened succession of her son, Le'Tim D. Harris, under 42 U.S.C. Sections 1983 and 1985. Accordingly, those claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Sheriff's motion for summary judgment is hereby **DENIED** to the extent that it seeks dismissal of Oliver's state law claims. As this Court declines to exercise supplemental jurisdiction over the remaining state law claims, those claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court close the case.

**THUS DONE AND SIGNED** this 17th day of July, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE